**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shahid Millkeller Mutee,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-01583-PHX-SRB<br><br>**ORDER** |

The Court now considers Movant Shahid Millkeller Mutee's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Mot.") (Doc. 1). The matter was referred to a Magistrate Judge for a Report and Recommendation. The Magistrate Judge filed his Report and Recommendation recommending that the Motion be denied. (Doc. 7, Report and Recommendation ("R. & R.").) He further recommended denying a certificate of appealability because Movant had not made a substantial showing of the denial of a constitutional right. (*Id.* at 20.) Movant filed his objections to the Report and Recommendation. (Doc. 8, Obj. to R & R.) Having reviewed the record de novo, the Court sustains in part and overrules in part Movant's Objections and denies the Motion.

**I.   BACKGROUND**

The background of this case was summarized in the Report and Recommendation:

> On May 4, 1996, Movant was indicted on one count of being a felon in possession of a firearm. (CR Doc. 1.) (Docket entries in the underlying criminal case, CR-95-0150-PHX-SRB, are referenced herein as "CR Doc. .") Movant proceeded to trial and was found guilty of the charge.

Subsequently, the Government filed a Notice (CR Doc. 63) seeking an enhanced sentence pursuant to the Armed Career Criminal Act ("ACCA"), in particular 18 U.S.C. § 924(e). The Government followed with a Sentencing Memorandum (CR Doc. 74), arguing that Movant had four prior violent felony and serious drug offense convictions which qualified him for enhanced sentencing under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. The predicate convictions asserted by the Government were four North Carolina state convictions:

1. a violent felony committed on July 19, 1985, namely **assault with a deadly weapon** (to wit: an automobile) upon a law enforcement officer, citing 18 U.S.C. § 924(e)(2)(B)(i) and (ii);

2. a violent felony committed on December 26, 1987, namely felony **breaking and entering**, which the Government argued qualified as a burglary under *Taylor v. U.S.*, 495 U.S. 575 (1990);

3. a serious drug offense committed on March 24, 1993, **namely possession of cocaine with intent to sell/deliver**, and **sale of cocaine**; and

4. a violent felony committed on July 6, 1990, namely felonious escape.

(Notice, CR Doc. 63 at 4-6 and attached Exhibits 1 through 4.)

Movant appeared for sentencing on November 21, 1996. The court found that the two drug crimes occurred on separate occasions and each constituted a separate conviction for purposes of the ACCA. (CR Doc. 91, R.T. 11/21/96 at 66.) The court also found that the other three convictions raised by the Government (assault, breaking and entering, and escape) all qualified as ACCA predicate "violent felonies," relying on decisions from the Fourth Circuit. (*Id.* at 66-67.)

The court adopted the reasons set forth in the presentence report and calculated an applicable offense level of 33, a criminal history category of VI, and a sentencing range of 235 to 293 months, and sentenced Movant to 264 months, to be consecutive to his North Carolina and Arizona sentences. (CR Doc. 82, Statement of Reasons; CR Doc. 84, Judgment.)

Movant filed a direct appeal arguing evidentiary error at trial, insufficient evidence to convict, and sentencing error in failing to run his sentence concurrently with his undischarged state sentence. On October 24, 1997, the Ninth Circuit Court of Appeals rejected each of his arguments and affirmed his conviction and sentence. (CR Doc. 92, Mem.Dec. 10/24/97.) *See also United States*

> *v. Moore aka Mutee*, 127 F.3d 1107 (9th Cir. 1997) (unpublished).[1]
>
> Movant then filed a petition for writ of certiorari, which was summarily denied on October 5, 1998. *Moore v. United States*, 525 U.S. 917, 119 S. Ct. 266, 142 L. Ed. 2d 219 (1998).

(R. & R. 1-3.)

On May 23, 2016, Movant filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Mot at 2.) In his Motion, Movant raised three arguments: (1) North Carolina's assault with a deadly weapon statute, N.C. Gen. State. § 14-34.2, does not qualify as a "violent felony" under the force clause of the ACCA because the crime can be committed recklessly; (2) North Carolina's felony breaking and entering conviction does not qualify as a "violent felony" under the enumerated offenses clause of the ACCA because North Carolina's definition of "building" is overbroad; and (3) North Carolina's felony escape statute, N.C. Gen. Stat. § 148-5(b), does not qualify as a "violent felony" under either the force or enumerated offenses clauses of the ACCA. (Mot. at 4-6.) The Report and Recommendation concluded that two of Movant's three grounds lacked merit, that the third ground was conceded by the Government, and recommended that the Court deny the Motion. (R. & R. at 9-21.)

## II.   LEGAL STANDARD AND ANALYSIS

A district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A court need review only those portions objected to by a party, meaning a court can adopt without further review all unobjected-to portions. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Movant brings this action pursuant to 28 U.S.C. § 2255. (Mot. at 1.) Movant concedes that his prior convictions for the sale and trafficking of cocaine qualify as two ACCA predicate offenses. (*Id.* at 3.) Movant argues, however, that the other three predicate offenses the Government offered are not "violent felonies" for purposes of the

- 3 -

ACCA and therefore the Government did not meet its burden of identifying three ACCA predicate offenses before the Court imposed the sentencing enhancement. (*Id.* at 4.)[1] Movant objects to the Magistrate Judge's Report and Recommendation on three grounds: (1) the Magistrate Judge incorrectly concluded that the Supreme Court overruled Ninth Circuit precedent that holds that crimes that can be committed recklessly do not qualify as "crimes of violence" for ACCA purposes; (2) the Magistrate Judge followed Fourth Circuit instead of Ninth Circuit precedent when deciding that North Carolina's breaking and entering statute amounts to burglary under the ACCA's enumerated offenses; and (3) the Magistrate Judge wrongly denied his Motion for Appeal. (Obj. to R. & R. at 3-6.)

### A. Assault

Movant argues that the Magistrate Judge was "too hasty" in concluding that the Supreme Court overruled Ninth Circuit precedent when it issued its decision in *Voisine v. United States*[2]. (Obj. to R. & R. at 3-4.) The Magistrate Judge concluded that while the Ninth Circuit has held that crimes that can be committed recklessly cannot constitute a "crime of violence" for purposes of a sentencing enhancement, the Supreme Court's *Voisine* decision implicitly overruled that holding. (R. & R. at 15.) The Ninth Circuit has held that reckless conduct cannot constitute a crime of violence. *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1307 (9th Cir. 2015) (concluding that because a person could be convicted of voluntary manslaughter under California Penal Code § 192(a) for reckless conduct—conduct that falls outside the definition of a crime of violence set forth in 18 U.S.C. § 16—voluntary manslaughter was not categorically a crime of violence); *United States v. Cabrera-Perez*, 751 F.3d 1000, 1005 (9th Cir. 2014) ("Neither recklessness nor gross negligence is a sufficient mens rea to establish that a conviction is for a crime of violence under 18 U.S.C. § 16.") (quoting *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1130 (9th Cir. 2006)) (internal quotation marks omitted).

---

[1] Respondent concedes that North Carolina's felony escape crime is not a "violent felony" for purposes of the ACCA. (Doc. 4, Resp. to Mot at 9.)

[2] 136 S. Ct. 2272 (2016).

- 4 -

1    North Carolina General Statute Section 14-34.2, provides that a person is guilty of
2    assault with a deadly weapon upon a law enforcement officer if the assault was
3    committed with general intent. While Respondent argues that the Magistrate Judge
4    correctly found that *Voisine* supersedes Ninth Circuit precedent, *Voisine* specifically
5    reserved judgment on this particular issue. *Voisine*, 136 S. Ct. at 2288 n.4 ("Like *Leocal,*
6    our decision today concerning § 921(a)(33)(A)'s scope does not resolve whether § 16
7    includes reckless behavior.") Without a binding decision by the Supreme Court expressly
8    overruling the Ninth Circuit precedent on this issue, the Magistrate Judge should have
9    concluded that North Carolina's assault statute does not constitute a crime of violence for
10   purposes of the ACCA force clause.[3] The Court therefore sustains Movant's objection to
11   the Magistrate Judge's recommendation on this issue. Because the Government is
12   required to present three ACCA predicate offenses before the court applies the sentencing
13   enhancement, the Court considers whether North Carolina's breaking and entering statute
14   is equivalent to the ACCA enumerated offense of burglary.

15       **B.    Breaking and Entering**

16   Movant argues that North Carolina's breaking and entering statute does not
17   qualify as burglary under the ACCA's enumerated offenses because North Carolina
18   includes buildings that are not dwellings in its definition. (Obj. to R. & R. at 5.) The
19   Magistrate Judge concluded that North Carolina's breaking and entering crime qualifies
20   as burglary under the enumerated offenses because the definition of building is not
21   limited to dwellings.[4] (R. & R. at 16-18.) In *United States v. Grisel*, the Ninth Circuit
22   held that Oregon defined second degree burglary more broadly than the ACCA and it
23   therefore could not constitute a "violent felony." 488 F.3d 844, 850-51 (9th Cir. 2007)
24   (noting that the generic definition of burglary as defined in *Taylor v. United* States, 495

---

[3] It is clear that Movant's conviction for assault under North Carolina law does not qualify as one of the ACCA's enumerated offenses, i.e., burglary, arson, or extortion, and the residual clause has been declared unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[4] Neither party disputes that North Carolina's felony breaking and entering crime cannot be classified as a "violent felony" under the ACCA's force clause.

- 5 -

U.S. 575, 599 (1990) extends beyond dwellings but not to "automobiles and vending machines"). The Oregon statute included not only buildings, but booths, vehicles, boats, aircrafts, and other structures adapted for overnight accommodation. Or. Rev. Stat. § 164.205(1). The court found the addition of these structures, outside the ordinary meaning of "building", too expansive to qualify under the ACCA. *Grisel*, 488 F.3d at 850-51. The Court does not confront the same problem here. Movant was found guilty of violating N.C. Gen. Stat. § 14-72(b)(2) cross-referencing § 14-54. Under § 14-54, building means "any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property." N.C. Gen. Stat. § 14-54. North Carolina's definition of "building" is not subject to the same overbreadth as Oregon's second degree burglary statute. The Court therefore overrules Movant's objection and adopts the recommendation of the Magistrate Judge on this issue. Because Movant still has three qualifying ACCA predicate offenses, the Court denies his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

### C.     Certificate of Appealability

Movant argues that the Court should certify the resolution of this Motion for appeal because he has made a substantial showing of the denial of a constitutional right. (Obj. to R. & R. at 5-6.) The Magistrate Judge concluded that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. (R. & R. at 19-20.) "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Movant's claims were not dismissed on procedural grounds, so he must demonstrate that reasonable jurists would find the district court's assessment was debatable or wrong. *Slack*, 529 U.S. at 484. While the Court's reasoning above and recent Circuit Court decisions evidence that reasonable jurists disagree on the implication of the Supreme Court's *Voisine* decision,[5] Movant still has three qualifying ACCA predicate offenses. The Court concludes that reasonable jurists would not find the Court's assessment of the North Carolina breaking and entering statute debatable or wrong. The Court therefore overrules Movant's Objection and denies his request for a certificate of appealability.

## III.   CONCLUSION

The Court sustains in part and overrules in part Movant's Objections to the Report and Recommendation of the Magistrate Judge. The Court concludes that the Magistrate Judge erred in concluding that the Supreme Court's decision in *Voisine* overruled Ninth Circuit precedent. The Court finds, however, that the Magistrate Judge correctly concluded that North Carolina's breaking and entering statute qualifies as the ACCA enumerated offense of burglary. The Court denies Movant's Motion to Vacate, Set Aside, or Correct Sentence because Movant has three ACCA predicate offenses. The Court finds that reasonable jurists would not find the Court's assessment of North Carolina's breaking and entering statute debatable or wrong. Because Movant still has three ACCA predicate offenses, the Court denies Movant a certificate of appealability.

**IT IS ORDERED** sustaining in part and overruling in part Objections to Report and Recommendation Issued by the Magistrate Judge (Doc. 8).

**IT IS FURTHER ORDERED** adopting in part and rejecting in part the Report and Recommendation on Motion to Vacate, Set Aside or Correct Sentence (Doc. 7).

---

[5] The Fifth and Eighth Circuits have extended *Voisine* to apply to felony offenses that can be committed recklessly. *See United States v. Howell*, 838 F.3d 489, 490-91 (5th Cir. 2016); *United States v. Fogg*, 836 F.3d 951, 956 (8th Cir. 2016).

**IT IS FURTHER ORDERED** denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability.

Dated this 7th day of March, 2017.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge